**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4747

STANLEY WAYNE FARLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-95-6)

Submitted: May 26, 1998

Decided: June 26, 1998

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Peter Gregory Zurbuch, BUSCH & TALBOTT, L.C., Elkins, West
Virginia, for Appellant. William D. Wilmoth, United States Attorney,
Sherry L. Muncy, Assistant United States Attorney, Elkins, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stanley Wayne Farley pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1998), and received a sentence of 108 months imprisonment. Farley appeals his sentence, disputing a one-level enhancement for possession of four firearms, see USSG § 2K2.1(b)(1),[1] a four-level enhancement for use of a firearm in connection with another felony, see USSG § 2K2.1(b)(5), and an upward departure from criminal history category II to category III under USSG § 4A1.3, p.s. We affirm.

On March 12, 1995, at about 5:30 a.m., James Pyles arrived at the funeral home he owned and saw a wrecker on the side of the building where there were tombstones for sale. He drove his pickup truck over to the wrecker, where he recognized Farley as one of the two men moving about. He saw that the men had a chain around one of the tombstones with the wrecker cable hooked to the chain as if they were about to load the tombstone onto the wrecker. The tombstone had been moved some distance from its normal place. Pyles asked what the problem was. Farley responded, "We're getting ready to relieve you of something." At the same time, Pyles saw a pistol in Farley's hand. He immediately backed his truck away and called the police from the truck. The wrecker then drove off.

Farley was apprehended by a state trooper a short time later. He still had the pistol in his possession and, when he was told to get out of the wrecker with his hands up, Farley pointed the gun at the trooper momentarily before throwing it away. The weapon proved to be a stolen one. When Farley's home was searched, three more firearms were found in the bedroom.[2] Farley's wife told state troopers that two of the firearms belonged to her.

_____

**1** **U. S. Sentencing Guidelines Manual** (1995).
**2** The search also revealed several stolen vehicles on the property, as well as fictitious bills of sale for vehicles, blank Department of Motor

2

Farley first disputes the district court's finding that he possessed the pistol in connection with another felony, i.e., the attempted theft of the tombstone. Before he was sentenced, Farley submitted a statement to the district court in which he claimed that he was merely assisting a friend whose vehicle had run off the road and knocked over some tombstones and that the friend had given him the pistol in payment. He also submitted the transcript of a preliminary hearing on state charges (later dropped in favor of federal prosecution) in which Pyles and the state trooper testified. At Farley's sentencing, the district court did not accept Farley's explanation and made the recommended enhancement under USSG § 2K2.1(b)(5).

Farley contends that the testimony at the state preliminary hearing supported his version of events and that the district court erred in rejecting Farley's account without taking additional evidence. In fact, the testimony of Pyles and the state trooper was consistent with the probation officer's description of the alleged theft except that Pyles testified that Farley displayed a gun but did not actually point the gun at him. The difference is not significant. Both versions contained Pyles' statement that Farley said he was "getting ready to relieve [Pyles] of something" and that Farley had a gun in his hand. The district court considered all this information before deciding that Farley had been intent on theft rather than on putting the tombstone back in its former position after an accident. We cannot say that the district court clearly erred in making its determination.

Next, Farley argues that the district court erred in departing from criminal history category II to category III without explaining the basis for its conclusion that category II was inadequate. We review a departure for abuse of discretion. See Koon v. United States, 518 U.S. 81, 100 (1996). A departure is encouraged under USSG § 4A1.3 when the defendant's criminal history category does not reflect the seriousness of his past criminal conduct. The district court found that category III more adequately reflected Farley's lifelong, "nearly continuous" criminal conduct. Farley had only one criminal history point

_____

Vehicle forms, blank birth certificates, a notary stamp and seal, a numerical die set, vehicle identification number plates, bank proof of insurance slips, and other stolen items.

3

resulting from a 1993 conviction for assault; two additional points were added because Farley was on probation at the time of the instant offense. As Farley notes in his brief, many charges brought against him over the years were dismissed because he was found mentally incompetent to stand trial. Generally, an arrest record is not considered in determining whether a departure is justified. However, in this case, after a prolonged evaluation, Farley was found to be competent but malingering, i.e., faking mental illness to avoid prosecution. In this circumstance, the departure was not an abuse of discretion.

Last, Farley disputes the district court's finding that he possessed four firearms and the resulting one-level enhancement. See USSG § 2K2.1(b)(1)(A) (one-level increase if 3-4 firearms are possessed). We review the court's factual finding for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). The district court found that Farley had constructive possession of all the firearms in the house where he lived, notwithstanding his objection that two of the guns belonged to his wife, Juanita Ozmar. Constructive possession exists when "the defendant exercised, or had the power to exercise, dominion and control over the item." United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). The firearms owned by Farley's wife were in the bedroom he shared with her, and the court found that the firearms were readily accessible to Farley, thus giving him constructive possession of them. See United States v. Jackson, 124 F.3d 607, 611 (4th Cir. 1997) (constructive possession may be shown by circumstantial evidence), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-6989). We find no clear error in the court's determination.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED